```
               IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF ALABAMA
                        SOUTHERN DIVISION


MATTIE T. DOTSON,                   :

     Plaintiff,                     :

vs.                                 :
                                            CIVIL ACTION 08-0095-CG-M
MICHAEL J. ASTRUE,                  :
Commissioner of
Social Security,                    :

     Defendant.                     :
```

REPORT AND RECOMMENDATION

In this action under 42 U.S.C. §§ 405(g) and 1383(c)(3), Plaintiff seeks judicial review of an adverse social security ruling which denied claims for disability insurance benefits and Supplemental Security Income (hereinafter *SSI*).  The action was referred for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).  Oral argument was heard on October 30, 2008.  Upon consideration of the administrative record, the memoranda of the parties, and oral argument, it is recommended that the decision of the Commissioner be reversed, that this action be remanded, and that judgment be entered in favor of Plaintiff Mattie T. Dotson and against Defendant Michael J. Astrue.

This Court is not free to reweigh the evidence or substitute its judgment for that of the Secretary of Health and Human Services, *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983), which must be supported by substantial evidence.  *Richard-*

*son v. Perales*, 402 U.S. 389, 401 (1971).  The substantial evidence test requires "that the decision under review be supported by evidence sufficient to justify a reasoning mind in accepting it; it is more than a scintilla, but less than a preponderance." *Brady v. Heckler*, 724 F.2d 914, 918 (11th Cir. 1984), *quoting Jones v. Schweiker*, 551 F.Supp. 205 (D. Md. 1982).

At the time of the most recent administrative hearing, Plaintiff was forty-eight years old, had completed a high school education (*see* Tr. 17, ¶ 8), and had previous work experience as a substitute teacher and a sewing machine operator (Tr. 29-30). In claiming benefits, Plaintiff alleges disability due to arthritis and hypertension (Doc. 9 Fact Sheet).

The Plaintiff filed applications for disability benefits and SSI on January 30, 2006 (Tr. 95-103).  Benefits were denied following a hearing by an Administrative Law Judge (ALJ) who determined that although she could not return to her past relevant work, Dotson "retain[ed] the capacity to make an adjustment to [light] work which exists in significant numbers" (Tr. 16; *see generally* Tr. 7-18).  Plaintiff requested review of the hearing decision (Tr. 5-6) by the Appeals Council, but it was denied (Tr. 2-4).

Plaintiff claims that the opinion of the ALJ is not supported by substantial evidence.  Specifically, Dotson alleges that:  (1) The ALJ improperly discounted her complaints of pain;

and (2) the ALJ should have called a vocational expert (hereinafter *VE*) to testify as to her ability to work (Doc. 9). Defendant has responded to—and denies—these claims (Doc. 15).

Dotson has claimed that the ALJ should have called a VE to testify as to her ability to work[1] (Doc. 9, pp. 8-9).  The Court notes that once it was determined that the Plaintiff was incapable of performing her past work, the Secretary was required to show that the claimant was able to perform other substantial gainful work existing in the national economy.  *Cowart v. Schweiker*, 662 F.2d 731, 736 (11th Cir. 1981); *Lewis v. Weinberger*, 515 F.2d 584, 587 (5th Cir. 1975).  "Ordinarily, the preferred method of demonstrating that the claimant can perform specific jobs is through the testimony of a vocational expert." *Cowart*, 662 F.2d at 736.  While the testimony of such an expert is not required, "the ALJ must articulate specific jobs that the claimant is able to perform, and this finding must be supported by substantial evidence." *Id*.  "A general finding that a claimant is able to perform the requirements of [light] work activity is insufficient to demonstrate that the Secretary has met his burden of showing that claimant retains residual capacity to work." *McRoberts v. Bowen*, 841 F.2d 1077, 1081 (11th Cir. 1988), *citing Cowart*, 662 F.2d at 736.  The Court further notes

---

[1]Because the Court finds that this claim has merit, it will not address Plaintiff's first claim.

that when nonexertional factors, such as pain or the effects of medications, are alleged, "the preferred method of demonstrating that the claimant can perform specific jobs is through the testimony of a vocational expert."  *MacGregor v. Bowen*, 786 F.2d 1050, 1054 (11th Cir. 1986), *citing Cowart*, 662 F.2d at 736.

In the determination, the ALJ made a general finding that Dotson would be able to perform light work without articulating specific jobs which she could perform, contrary to *Cowart* and *McRoberts* (Tr. 15).  The ALJ also found that Plaintiff suffered from two severe impairments, arthritis and hypertension (Tr. 17, ¶ 3); both of these impairments are nonexertional impairments. Again, the ALJ failed to articulate specific jobs Dotson could perform in spite of these impairments, contrary to *MacGregor* and *Cowart*.  Because the ALJ has failed to follow the holdings in these cases, the Court cannot find that his decision is supported by substantial evidence.

Based on review of the entire record, the Court finds that the Commissioner's decision is not supported by substantial evidence.  Therefore, it is recommended that the action be reversed and remanded to the Social Security Administration for further administrative proceedings consistent with this opinion, to include, at a minimum, a supplemental hearing for the gathering of evidence as to the specific jobs which Plaintiff can perform in spite of her impairments.  Furthermore, it is recommended that

a final judgment be entered ordering remand in this action pursuant to sentence four of 42 U.S.C. § 405(g).  *See Melkonyan v. Sullivan*, 501 U.S. 89 (1991).  For further procedures not inconsistent with this recommendation, see *Shalala v. Schaefer*, 509 U.S. 292 (1993).

### MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.  **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)©; *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the

objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this 30th day of October, 2008.

                                            s/BERT W. MILLING, JR.
                                            UNITED STATES MAGISTRATE JUDGE